```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

                                    :
INDUSTRIAL UNLIMITED
                                    :

    v.                              :  Civil Action No. DKC 2005-0906

                                    :
VIACOM ENTERTAINMENT
INTERNATIONAL, INC., et al.         :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution is a motion by Defendants to dismiss the complaint filed by Jeffrey Glen Walls. Defendants assert several grounds in support of their motion. The issues are briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the complaint will be dismissed.

## I.  Background

This case was filed by Jeffrey Glen Walls in the Circuit Court for Prince George's County, purporting to state a class action claim on behalf of "Industrial Unlimited," himself, and possibly Cornell Mason. He describes himself as "a police officer and the Program Director of Industrial Unlimited (a non-profit organization.)" The complaint caption states that it is a class action suit for discrimination, slander, defamation of character, negligence and intentional infliction of pain, emotional distress, and bad faith. The defendants are Viacom

Entertainment International Inc.[1], National Amusement Entertainment Inc., and Security Enforcement Bureau of New York, Inc.  Mr. Walls complains about events arising from his employment as a security officer in Alexandria, Virginia.  He states that "more particular facts of this case are with the Court, of the District Court for the Eastern District of Virginia recently dismissed National Amusements as a defendant in this case on its motion for summary judgment.  See Walls v. Security Enforcement Bureau of N.Y. and that of National Amusements Inc. of N.Y., Civil No. 02-1141-A, Mem.Op. pp. 1-5 (E.D.Va. June 9, 2003)."  Paper 2, at 5.

On April 4, 2005, Defendants removed the action to this court and now move to dismiss, to transfer, or for a more definite statement.  For the reasons that follow, the motion to dismiss will be granted.

**II. Analysis**

The complaint was filed by Mr. Walls, purportedly acting on behalf of Industrial Unlimited and seeking to represent some class of persons.[2] Under the rules of this court and the Federal

---

[1] Mr. Walls agrees that the claims against Viacom should be dismissed.  Paper 14 (Memorandum), at 9.

[2] The complaint also purports to contain the signatures of Dr. Anthony P. Davis and Dr. Philip M. Lewis.  The response to Defendants' motion is signed only by Mr. Walls, and he concedes
(continued...)

2

Rules of Civil Procedure, Mr. Walls is not eligible to pursue this action.  Only natural persons may appear *pro se* in this court.  Entities, such as unincorporated associations, must be represented by counsel.  Local Rule 101.1.b ("Only individuals may represent themselves.")  This rule embodies the common law rule well recognized in courts across the nation.  *See, e.g.*, *Caressa Camille, Inc. v. Alcoholic Beverage Control Appeals Bd.*, 121 Cal.Rptr.2d 758, 764 (Cal.App. 2002); *Vermont Agency of Natural Resources v. Upper Valley Reg'l Landfill Corp.*, 621 A.2d 225, 226 (Vt. 1992).  Moreover, any party seeking to bring a class action must be represented by counsel.  *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Fowler v. Lee*, 18 Fed.Appx. 164, 2001 WL 1033312 (4th Cir. Sep. 10, 2001) (unpublished) ("[T]his circuit does not certify a class where a *pro se* litigant will act as representative of that class.")

Mr. Walls has made clear in his filings that he lacks the funds to hire counsel and he seeks appointment of counsel by the court.  Because this case was filed in state court, and removed by Defendants, they paid the filing fee.  Mr. Walls has not been determined to be indigent and there is no authority for

---

²(...continued)
that no attorney represents Industrial Limited in this action.  Paper 14, at 5.

permitting an association to proceed *in forma pauperis*. *See* 32 Am.Jur.2d *Federal Courts* § 507 (1995) ("Artificial entities such as corporations and associations cannot be considered 'persons' for purposes of eligibility to proceed in forma pauperis in federal court under 28 USCA § 1915.")  It is the same statute that gives trial courts the discretion to appoint counsel. Without the ability to proceed *in forma pauperis*, an artificial entity such as Industrial Unlimited is not eligible for appointment of counsel.  Thus, inasmuch as Mr. Walls seeks to bring this suit on behalf of an unincorporated association, Industrial Unlimited, and as a class action, and he is not an attorney, this action will be dismissed.

Moreover, were the case brought by Mr. Walls on his own behalf, the court would decline to appoint counsel.  Mr. Walls was represented by counsel in his case brought in the United States District Court for the Eastern District of Virginia. While it is not entirely clear what causes of action Mr. Walls seeks to bring in this action, it is pellucid that this case arises from the identical facts as the earlier one.  Under the doctrine of *res judicata*, a party may not seek to litigate, in a new action, claims that were or could have been raised in an earlier action between the parties or their privies that was resolved on the merits:

4

> Under the doctrine of res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). . . . "To establish a res judicata defense, a party must establish: (1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." *Jones v. SEC*, 115 F.3d 1173, 1178 (4th Cir. 1997) (internal quotation marks omitted), *cert. denied*, 523 U.S. 1072, 118 S.Ct. 1512, 140 L.Ed.2d 666 (1998).

*Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000). The preclusion applies to claims actually litigated and to those that could have been brought in the earlier proceeding:

> Res judicata precludes the assertion of a claim after a judgment on the merits in a prior suit by parties or their privies based on the same cause of action. *Harnett v. Billman*, 800 F.2d 1308, 1312 (4th Cir. 1986). The preclusive effect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for "[n]ot only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc.*, 892 F.2d 355, 359 (4th Cir. 1989), *quoting Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979) (internal quotation marks deleted).

*Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991).  Further:

> This circuit has adopted a transactional approach to the identity of claims question drawn from § 24(b) of the Restatement (Second) of Judgments.  *See Keith* [*v. Aldridge*], 900 F.2d [736 (4th Cir. 1990)] at 740. Under the Restatement (Second) standard "the appropriate inquiry is whether the new claim arises out of the same transaction or series of transactions as the claim resolved by the prior judgment."

*Meekins*, 946 F.2d at 1058 (quoting *Harnett*, 800 F.2d at 1313). Thus, even if suit were properly brought here through an attorney, it would be dismissed on the grounds of res judicata.[3] Given this second reason to dismiss, which would be applicable

---

[3] Consideration of the defense of res judicata on a motion to dismiss is appropriate under the circumstances presented here:

> Although an affirmative defense such as res judicata may be raised under Rule 12(b)(6) "only if it clearly appears on the face of the complaint," *Richmond, Fredericksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), when entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact, *see Day v. Moscow*, 955 F.2d 807, 811 (2nd Cir. 1992); *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984); *Briggs v. Newberry County Sch. Dist.*, 838 F.Supp. 232, 234 (D.S.C. 1992), *aff'd*, 989 F.2d 491 (4th Cir. 1993) (unpublished).

*Andrews v. Daw*, 201 F.3d at 524.

in the Eastern District of Virginia as well, there is simply no reason to consider transferring this case at this time.  This disposition also moots Defendants' motion for a more definite statement.

### III.    Conclusion

For the foregoing reasons, Defendants' motion to dismiss will be granted.  A separate Order will follow.

                                                          /s/
                              DEBORAH K. CHASANOW
                              United States District Judge

May 18, 2005